UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NATIONAL RADIOLOGY SOLUTIONS
GROUP, PLLC,

    Plaintiff,

v.                                                Case No.: 5:17-cv-387-oc-34PRL

EIHAB H. TAWFIK, M.D., P.A., a Florida
corporation, d/b/a CHRIST MEDICAL
CENTER,

    Defendant.
_____/

**RESPONSE TO THIS COURT'S**
**<u>SHOW CAUSE ORDER (DOC. 21)</u>**

    Nardella & Nardella, PLLC (the "Firm"), hereby files its Response to this Court's Show Cause Order (Doc. 21) (the "Order"), and in support thereof states as follows:

    1.    On April 11, 2018, after mediation in this matter, Defendant Eihab H. Tawfik, M.D., P.A., d/b/a Christ Medical Center ("Defendant") filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court, Middle District of Florida.

    2.    Prior to filing Chapter 11, Defendant was to directly pay the amount due James R. Betts, Esq., as mediator (the "Mediator"), and told the Firm it would make such payment.

    3.    Before Defendant could make the payment, it filed for Chapter 11, and is now temporarily barred from making a payment pursuant to Bankruptcy law. The Mediator has a claim against the Defendant, however.

    4.    Regardless, the Firm has advanced the amounts due to the Mediator and the Firm will be reimbursed by the Defendant's principal, who is not a debtor in bankruptcy.

5. To that end, the Firm has sent payment to the Mediator which payment will arrive to the Mediator no later than May 9, 2018. As payment has been made, this should resolve the outstanding issue.

6. Moreover, counsel has seen no Local Rule requiring payment of mediation costs by attorneys. Local Rule 9.02(f), the relevant Local Rule, states as follows:

> **Compensation of Mediators:** Absent agreement of the parties and the mediator, mediators shall be compensated at a reasonable hourly rate provided by order of the Court after consideration of the amount in controversy, the nature of the dispute, the resources of the parties, the prevailing market rate for mediators in the applicable market, the skill and experience of the mediator, and other pertinent factors. Unless altered by order of the Court, the cost of the mediator's services shall be borne equally by the parties to the mediation conference.

7. Local Rule 9.02(f) does not require counsel to pay the costs of mediation and specifically states that, unless altered by order of the Court, the cost of the mediator's services shall be borne equally *by the parties* to the mediation conference.

8. The Mediator did send an engagement letter purporting to hold both Defendant and counsel liable for payment, but the engagement letter was never signed by Defendant and never signed by the Firm. Nor was execution of the engagement letter ever requested by the Mediator.

9. Regardless, arrangements have been made and payment sent. Defendant's Chapter 11 filing is an unfortunate event that by its very nature caused and continues to cause delay for all creditors of the Defendant, including for both the Mediator and this Firm.

WHEREFORE, the Firm respectfully requests that this Honorable Court discharge the Order.

Dated: May 8, 2018

        */s/ Michael A. Nardella*
Michael A. Nardella, Esq.
Florida Bar No. 051265
Nardella & Nardella, PLLC
250 East Colonial Drive, Suite 102
Orlando, FL 32801
Telephone: (407) 966-2680
mnardella@nardellalaw.com
afebres@nardellalaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Response was filed electronically with the Clerk of the above-captioned Court using CM/ECF on this 8th day of May, 2018.  As such, the foregoing was served electronically upon all counsel below listed on May 8, 2018.

J. Ben Vitale, Esq.
Gurley Vitale, P.A.
601 S. Osprey Avenue
Sarasota, FL 34236
bvitale@GurleyVitale.com
eservice@GurleyVitale.com

*Counsel for Plaintiff*

        */s/ Michael A. Nardella*
Michael A. Nardella, Esq.